# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| PAUL JOHNSTON,<br>*Plaintiff*<br><br>v.<br><br>DOYLE ANTLE, SHEILA LNU,<br>*Defendants* | §<br>§<br>§<br>§   Case No. 1:24-CV-00046-DII<br>§<br>§<br>§ |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Paul Johnston's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Johnston's financial affidavit and determined Johnston is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Johnston's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed

if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Johnston is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Johnston's claims be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2). Therefore, service upon the defendants should be **WITHHELD** pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, service should be issued at that time upon the defendants.

## II.   REVIEW OF THE MERITS OF THE CLAIM

Because Johnston has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Pro se complaints are liberally

construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Johnston sues Doyle Antle and Sheila LNU (Last Name Unknown), alleging that these Defendants evicted Johnston from his apartment based on a "libelous, slanderous, fraudulent statement" by an unknown resident of Johnston's apartment complex. Dkt. 1, at 5, 6. Johnston further alleges that the Defendants conspired to hide the unknown resident's identity from Johnston, or at least that Defendants refused to admit to Johnston that the unknown resident made the "libelous, slanderous, fraudulent statement." *Id.* at 5. Johnston's complaint further alleges that the unknown resident "curses" and "threatened to run over [another individual] with his scooter." *Id.* at 6. Finally, Johnston alleges that the unknown resident's son came to Johnston's apartment, "raised his voice," and "threatened" Johnston "by acts, words, [and] deeds." *Id.* at 6.

Initially, because Johnston does not name the unknown resident and his or her son in this suit, the undersigned will evaluate only the claims against Doyle Antle and Sheila LNU. Liberally construed, Johnston's complaint alleges two claims for relief against those Defendants: obstruction of justice and violations of the cruel-and-unusual-punishment clause of the Eighth Amendment.[1]

---

[1] While Johnston describes the unknown resident's statement as "libelous, slanderous, [and] fraudulent," Johnston does not allege that Defendants in this action made any libelous,

### A. Obstruction of Justice

Generally, "obstruction of justice" refers to the "crime or act of willfully interfering with the process of justice and law, [including] influencing, threatening, harming, or impeding a witness, potential witness, juror, or judicial or legal officer or by furnishing false information in or otherwise impeding an investigation or legal process." *Pugin v. Garland*, 599 U.S. 600, 604 (2023).[2]

Here, Johnston is a private citizen. A private citizen may not initiate a federal criminal prosecution because the power to do so is vested in the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (holding that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"); *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (affirming the Magistrate Judge's conclusion that a private plaintiff had "no right to bring a private action under federal criminal statutes"). Therefore, Johnston has failed to state a claim for obstruction of justice on which relief can be granted under § 1915(e)(2), and his obstruction-of-justice claim should be dismissed. 28 U.S.C. § 1915(e)(2).

### B. Eighth Amendment

Johnston's Eighth Amendment claim likewise should be dismissed. The Eighth Amendment prohibits *governments* from inflicting cruel and unusual punishment on private citizens against whom the government has "secured a formal adjudication of

---

slanderous, or fraudulent statement. Therefore, the undersigned will not address claims of libel, slander, or fraud.

[2] The offense is further defined in Chapter 73 of Title 18 of the U.S. Code. *Pugin*, 599 U.S. at 605.

guilt in accordance with due process of law." U.S. Const. amend. VIII; *Ingraham v. Wright*, 430 U.S. 651, 672 n.40 (1977).

Here, Johnston has not been adjudicated guilty of any crime. *See Ingraham*, 430 U.S. at 672 n.40. Further, Johnston alleges that Defendants, who are private citizens, have inflicted cruel and unusual punishment on him. Dkt. 1, at 5. Since the Eighth Amendment does not protect individuals who have not been adjudicated guilty and does not protect against allegedly cruel and unusual punishment by private citizens, Johnston has failed to state a claim for relief under 28 U.S.C. § 1915(e)(2). *See Ingraham*, 430 U.S. at 672 n.40. Therefore, Johnston's Eighth Amendment claim should be dismissed.[3]

### III.  ORDER

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Johnston's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Johnston's lawsuit under 28 U.S.C. § 1915(e)(2).

The referral of this case to the Magistrate Judge should now be canceled.

---

[3] While under some circumstances private citizens can be considered government actors for purposes of the Eighth Amendment, Johnston has not pleaded that Defendants here fall into any of those categories. *See* Dkt. 1; *see also Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) ("Under this Court's cases, a private entity can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function, … (ii) when the government compels the private entity to take a particular action, … or (iii) when the government acts jointly with the private entity.").

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 19, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE